**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re ) | |
| ) | |
| BRAC GROUP, INC. (f/k/a Budget Group, Inc.), ) | Chapter 11 |
| ) | |
| Reorganized Debtor.[1] ) | Case No.02-12152 (CGC) |
| ) | |
| ) | |
| ) | |
| WALKER, TRUESDELL & ASSOCIATES, as ) | |
| Plan Administrator for BRAC Group, Inc. (f/k/a ) | |
| Budget Group, Inc.), ) | Adv. Pro. No. _____ |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| POSTAL CENTER INTERNATIONAL INC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFERS**

Walker, Truesdell & Associates, Plan Administrator for BRAC Group, Inc. (f/k/a Budget Group, Inc.) ("Plaintiff"), as and for its complaint seeking judgment avoiding certain preferential transfers made to or for the benefit of POSTAL CENTER INTERNATIONAL INC ("Defendant"), respectfully alleges the following:

---

[1] The Estates of the U.S. Debtor Group (as such terms are defined in the Second Amended Joint Chapter 11 Liquidating Plan of BRAC Group, Inc. and its Debtor Subsidiaries [D.I. 3728](the "Plan") confirmed on April 20, 2004 and made effective on May 3, 2004) were substantively consolidated on May 3, 2004 pursuant to section 4.1 of the Plan. Pursuant to Section 4.7(b)(vii) of the Plan, the Plan Administrator was appointed and charged with, among other things, "prosecuting avoidance actions under sections 544, 545, 547, 548, 549 and 553 of the Bankruptcy Code", subject to Section 2.4(k) of the ASPA (as defined in the Plan). The consolidated Estates of the U.S. Debtor Group remains separate and not consolidated with the Estate of Reorganized BRACII (as defined in the Plan). Pursuant to the Plan, a separate Plan Administrator was appointed for BRACII (the "BRACII Plan Administrator") and the BRACII Plan Administrator is charged with pursuing certain avoidance actions under Section 4.8(a)(v) of the Plan. Thus, the instant Complaint seeks only the avoidance of certain transfers made by the Debtors listed in Footnote 2 herein pursuant to Section 4.7(b)(vii) of the Plan.

## NATURE OF THE ACTION

Plaintiff demands a money judgment and other relief resulting from certain transfers made by the Debtors (as defined in Footnote 2 herein) to or for the benefit of Defendant during the 90 day period prior to the commencement of the Debtors' bankruptcy cases. Specifically, Plaintiff seeks entry of a judgment against Defendant (1) pursuant to 11 U.S.C. § 547(b), avoiding the Avoidable Transfers (as defined below), (2) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the amount of the Avoidable Transfers, plus interest and costs; and (3) pursuant to 11 U.S.C. § 502(d), disallowing any claim of Defendant against the Debtors until the Defendant pays in full the amount so determined.

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F) and (O).

3. Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

5. On July 29, 2002 (the "Petition Date"), the debtors along with its affiliated debtors[2] (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of Title 11, United States Code (the "Bankruptcy Code").

---

[2] The "Debtors," for the purpose of the instant Complaint, are the following entities: BRAC Group, Inc.; Auto Rental Systems, Inc.; BGI Airport Parking, Inc.; BGI Shared Services, Inc.; BGI Shared Services, LLC; BRAC

6. On April 20, 2004, this Court confirmed the Plan (the "Confirmation Order"). The Plan became effective as of May 3, 2004 (the "Effective Date"). In connection therewith, and pursuant to section 4.7 (a) of the Plan, Walker, Truesdell & Associates, was appointed as Plan Administrator for BRAC Group, Inc. (f/k/a Budget Group, Inc.).

7. As of the Effective Date, pursuant to section 4.7(b)(vii) of the Plan, the Plan Administrator as the representative of the Reorganized BRAC Group, Inc. has the authority to prosecute this action.

8. Upon information and belief, Defendant is a corporation with a mailing address at PO BOX 918678, ORLANDO, FL 32891.

## COUNT I – TO AVOID PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C.§ 547(b)

9. Plaintiff realleges paragraphs 1 through 8 above.

10. Sections 547(b) and 550(a) of the Bankruptcy Code provide for the avoidance and recovery of a transfer to a creditor of an interest of the debtor in property if the transfer is shown to have constituted a "preference" as defined in the statute.

11. Pursuant to section 547(b) of the Bankruptcy Code, the Plan Administrator as a representative of the Debtors' estates may avoid any transfer of an interest of the debtor in property (a) to or for the benefit of a creditor, (b) for or on account of an antecedent debt owed

---

Credit Corporation; BRAC Car Sales, Inc.; BRAC Fleet Finance Corporation; BRAC Rent A Car Asia-Pacific, Inc.; BRAC Rent A Car Caribe Corporation; BRAC Rent A Car Corporation; BRAC Rent A Car of Japan, Inc.; BRAC Rent A Car of St. Louis, Inc.; BRAC Rent-A-Car of the Midwest, Inc.; BRAC Rent-A-Car Systems, Inc.; BRAC Sales Corporation; BRAC Storage Corporation; BVM, Inc.; Carson Chrysler Plymouth Dodge Jeep Eagle, Inc.; Control Risk Corporation; Dayton Auto Lease Company, Inc.; Directors Row Management Company, LLC; In Motors VI, LLC; Mastering the Move Realty, Inc.; Mosiant Car Sales, Inc.; Nyrac Inc.; Paul West Ford, Inc.; Philips Jacobs Insurance Agency, Inc.; Premier Car Rental LLC; Reservation Services, Inc.; BRAT Move Management, Inc.; BRAT Relocation Services, Inc.; BRAT TRS, Inc.; TCS Properties, LLC; Team Car Sales of Charlotte, Inc.; Team Car Sales of Dayton, Inc.; Team Car Sales of Philadelphia, Inc.; Team Car Sales of Richmond, Inc.; Team Car Sales of San Diego, Inc.; Team Car Sales of Southern California, Inc.; Team Fleet Services Corporation; Team Holdings Corp.; Team Realty Services, Inc.; The Move Shop, Inc.; Transportation and Storage Associates; Valcar Rental Car Sales, Inc.; Vehicle Rental Access Company, LLC; Warren Wooten, Ford, Inc.

by the debtor before such transfer was made, (c) made while the debtor was insolvent, (d) made on or within 90 days, or in certain circumstances within one year, before the filing of the petition, (e) that enables such creditor to receive more in satisfaction of its claims than it would receive in a case under chapter 7 of the Bankruptcy Code if the transfer had not been made.

12. During the 90- day period prior to the Petition Date, the Debtors made certain transfers (the "Avoidable Transfers") totaling not less than $10,039.57 to or for the benefit of Defendant on the dates and in the amounts set forth in the chart annexed as Exhibit A and incorporated by reference herein.

13. The Defendant was a creditor of the Debtors at the time of each of the Avoidable Transfers

14. The Avoidable Transfers were on account of antecedent debt(s) owed by the Debtors to or for the benefit of Defendant.

15. The Debtors are presumed to have been and actually were insolvent at the time of each of the Avoidable Transfers.

16. The Avoidable Transfers enabled Defendant to recover more than it would have received if (a) the case were a case under chapter 7 of the Bankruptcy Code, (b) the Avoidable Transfers had not been made, and (c) Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

17. By reason of the foregoing, the Avoidable Transfers should be avoided and set aside as preferential.

### COUNT II – TO RECOVER PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. § 550

18. Plaintiff realleges paragraphs 9 through 17 above.

19. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

20. Unless otherwise determined after a trial, pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the sum of $10,039.57 plus interest thereon to the date of payment and the costs of this action.

## COUNT III – TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

21. Plaintiff realleges paragraphs 18 through 20 above.

22. Defendant was the initial transferee of the Avoidable Transfers or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfers were made.

23. Pursuant to 11 U.S.C. § 502(d), any claims of Defendant against the Debtors must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of all the Avoidable Transfers, plus interest thereon and costs.

WHEREFORE Plaintiff demands judgment against Defendant (1) pursuant to 11 U.S.C. § 547(b), avoiding the Avoidable Transfers; (2) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff the sum of $10,039.57, unless otherwise determined after a trial plus interest thereon and costs; (3) pursuant to 11 U.S.C. § 502(d), disallowing any claim of Defendant against the Debtors and (4) granting to Plaintiff such other and further relief as may appear just and proper.

Dated: Wilmington, Delaware
       July 20, 2004

    GAZES & ASSOCIATES LLP
    **[PRIMARY COUNSEL AND CONTACT]**
    Ian J. Gazes (IG 7564)
    1675 Broadway, 26th Floor
    New York, New York 10019
    (212) 765-9000

    - and -

    YOUNG CONAWAY STARGATT & TAYLOR, LLP

    */s/ Erin Edwards*
    Sean M. Beach (No. 4070)
    Matthew B. McGuire (No. 4366)
    Erin Edwards (No. 4392)
    Athanasios E. Agelakopoulos (No. 4491)
    The Brandywine Building
    1000 West Street, 17th Floor
    Wilmington, Delaware 19899-0391
    (302) 571-6600

    *Attorneys for Walker Truesdell & Associates, as Plan Administrator for BRAC GROUP, INC. (f/k/a Budget Group, Inc.)*

**EXHIBIT A**

| Check Data | | | | | |
|---|---|---|---|---|---|
| **Vendor Name** | **Vendor No** | **Check No** | **Check Date** | **Clear Date** | **Amount** |
| POSTAL CENTER INTERNATIONAL INC | T0000175612000 | 00002094625 | 6/12/2002 | 6/20/2002 | $10,039.57 |